1  Shaun Setareh (SBN 204514)
     shaun@setarehlaw.com
2  H. Scott Leviant (SBN 200834)
     scott@setarehlaw.com
3  SETAREH LAW GROUP
   9454 Wilshire Boulevard, Suite 907
4  Beverly Hills, California 90212
   Telephone (310) 888-7771
5  Facsimile (310) 888-0109

6  Attorneys for Plaintiff
   LUIS M. ARELLANO

7

8                 UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11

12  LUIS M. ARELLANO, on behalf of himself,      Case No.
    all others similarly situated,
13                                               **CLASS ACTION**
                 *Plaintiff*,
14                                               **COMPLAINT**
              vs.
15                                               1.  Failure to Provide Meal Periods (Lab. Code
    ABC LEGAL SERVICES, INC., a                      §§ 204, 223, 226.7, 512 and 1198);
16  Washington corporation; and DOES 1 through   2.  Failure to Provide Rest Periods (Lab. Code
    10, inclusive,                                   §§ 204, 223, 226.7 and 1198);
17                                               3.  Failure to Pay Hourly Wages (Lab. Code §§
                 *Defendants*.                       223, 510, 1194, 1194.2, 1197, 1997.1 and
18                                                   1198);
                                                 4.  Failure to Pay Sick Time (Lab. Code §§ 246
19                                                   *et seq.*)
                                                 5.  Failure to Indemnify (Lab. Code § 2802);
20                                               6.  Failure to Provide Accurate Written Wage
                                                     Statements (Lab. Code §§ 226(a));
21                                               7.  Failure to Timely Pay All Final Wages
                                                     (Lab. Code §§ 201, 202 and 203);
22                                               8.  Unfair Competition (Bus. & Prof. Code §§
                                                     17200 *et seq.*);
23                                               9.  Failure to Pay Employees For All Hours
                                                     Worked (29 U.S.C. §§ 201 *et seq.*)
24
                                                 **JURY TRIAL DEMANDED**
25

26

27

28

                              CLASS ACTION COMPLAINT

1   COMES NOW, Plaintiff LUIS M. ARELLANO ("Plaintiff"), on behalf of himself, all

2   others similarly situated, complains and alleges as follows:

3   **INTRODUCTION**

4   1.   Plaintiff brings this class action against Defendant ABC LEGAL SERVICES, INC.,

5   a Washington corporation; and DOES 1 through 10, inclusive (collectively referred to as

6   "Defendants") for alleged violations of the Labor Code and Business and Professions Code.  As set

7   forth below, Plaintiff alleges that Defendants have

8   (1)   failed to provide him and all other similarly situated individuals with meal

9   periods;

10  (2)   failed to provide them with rest periods;

11  (3)   failed to pay them premium wages for missed meal and/or rest periods;

12  (4)   failed to pay them at least minimum wage for all hours worked;

13  (5)   failed to pay them overtime wages at the correct rate;

14  (6)   failed to pay them double time wages at the correct rate;

15  (7)   failed to provide them with sick time;

16  (8)   failed to reimburse them for all necessary business expenses;

17  (9)   failed to provide them with accurate written wage statements; and

18  (10)  failed to pay them all of their final wages following separation of

19  employment.

20  Based on these alleged Labor Code violations, Plaintiff now brings this class action to

21  recover unpaid wages, restitution and related relief on behalf of himself, all others similarly

22  situated.

23  **JURISDICTON AND VENUE**

24  2.   This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to

25  28 U.S.C. section 1331 because these claims seek redress for violation of Plaintiff's and the putative

26  class' federal statutory rights under the Fair Labor Standard Act (28 U.S.C. sections 201 *et seq.*).

27  3.   This Court has supplemental jurisdiction over Plaintiff's and the putative class' state

28  law claims pursuant to 28 U.S.C. section 1367(a) because these claims are so closely related to

1   Plaintiff's and the putative class' federal wage and hour claims that they form parts of the same case

2   or controversy under Article III of the United States Constitution.

3       4.      Venue is proper in this District under 28 U.S.C. section 1391(b)(2) and (c) because a

4   substantial part of the events and omissions giving rise to the claims alleged in this complaint

5   occurred in this District.

6       5.      This Court has personal jurisdiction over this matter because Defendants conduct

7   substantial business activity in this District, and because many of the unlawful acts described in this

8   complaint occurred in this District and gave rise to the claims alleged.

9                                    **PARTIES**

10      6.      Plaintiff LUIS M. ARELLANO is, and at all relevant times mentioned herein, an

11   individual residing in the State of California.

12      7.      Plaintiff is informed and believes, and thereupon alleges that Defendant ABC

13   LEGAL SERVICES, INC. is, and at all relevant times mentioned herein, a Washington corporation

14   doing business in the State of California.

15      8.      Plaintiff is ignorant of the true names and capacities of the defendants sued herein as

16   DOES 1 through 10, inclusive, and therefore sue these defendants by such fictitious names.

17   Plaintiff will amend this Complaint to allege the true names and capacities of the DOE defendants

18   when ascertained.  Plaintiff is informed and believes, and thereupon alleges that each of the

19   fictitiously named defendants are responsible in some manner for the occurrences, acts and

20   omissions alleged herein and that Plaintiff's alleged damages were proximately caused by these

21   defendants, and each of them.  Plaintiff will amend this complaint to allege both the true names and

22   capacities of the DOE defendants when ascertained.

23      9.      Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

24   mentioned herein, some or all of the defendants were the representatives, agents, employees,

25   partners, directors, associates, joint venturers, principals or co-participants of some or all of the

26   other defendants, and in doing the things alleged herein, were acting within the course and scope of

27   such relationship and with the full knowledge, consent and ratification by such other defendants.

28      10.     Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

1 | mentioned herein, some of the defendants pursued a common course of conduct, acted in concert

2 | and conspired with one another, and aided and abetted one another to accomplish the occurrences,

3 | acts and omissions alleged herein.

4 | **CLASS ALLEGATIONS**

5 | 11.   This action has been brought and may be maintained as a class action pursuant to

6 | Federal Rules of Civil Procedure 23 because there is a well-defined community of interest among

7 | the persons who comprise the readily ascertainable classes defined below and because Plaintiff is

8 | unaware of any difficulties likely to be encountered in managing this case as a class action.

9 | 12.   **Relevant Time Period**:  The relevant time period is defined as the time period

10 | beginning four years prior to the filing of this action until judgment is entered.

11 |   **ABC Legal Services Class**:  All persons employed by Defendants and/or any staffing
   agencies and/or any other third parties in hourly or non-exempt positions in California

12 |   during the **Relevant Time Period**.

13 |       **Meal Period Sub-Class**:  All **ABC Legal Services Class** members who worked in a
        shift in excess of five hours during the **Relevant Time Period**.

14 |

15 |       **Rest Period Sub-Class**:  All **ABC Legal Services Class** members who worked a
        shift of at least three and one-half (3.5) hours during the **Relevant Time Period**.

16 |       **Wage Statement Penalties Sub-Class**:  All **ABC Legal Services Class** members
        employed by Defendants in California during the period beginning one year before

17 |       the filing of this action and ending when final judgment is entered.

18 |       **Waiting Time Penalties Sub-Class**:  All **ABC Legal Services Class** members who
        separated from their employment with Defendants during the period beginning three

19 |       years before the filing of this action and ending when final judgment is entered.

20 |   **Expense Reimbursement Class:**  All persons employed by Defendants in California who
   incurred business expenses during the **Relevant Time Period**.

21 |

22 |   **Sick Pay Class**:  All persons employed by Defendants in California who earned paid sick
   days during the **Relevant Time Period**.

23 |   **FLSA Class**:  All persons employed by Defendants and/or any staffing agencies and/or any
   other third parties in hourly or non-exempt positions in the United States during the past

24 |   three years.

25 |   **UCL Class**:  All **ABC Legal Services Class** members employed by Defendants in
   California during the **Relevant Time Period**.

26 |

27 | 13.   **Reservation of Rights**:  Pursuant to Rule of Court 3.765(b), Plaintiff reserves the

28 | right to amend or modify the class definitions with greater specificity, by further division into sub-

1 | classes and/or by limitation to particular issues.

2 |       14.    **Numerosity**: The class members are so numerous that the individual joinder of each

3 | individual class member is impractical. While Plaintiff does not currently know the exact number

4 | of class members, Plaintiff is informed and believes, and thereupon alleges that the actual number

5 | exceeds the minimum required for numerosity under California law.

6 |       15.    **Commonality and Predominance:** Common questions of law and fact exist as to

7 | all class members and predominate over any questions which affect only individual class members.

8 | These common questions include, but are not limited to:

9 |         A.    Whether Defendants maintained a policy or practice of failing to provide

10 |                 employees with their meal periods;

11 |         B.    Whether Defendants maintained a policy or practice of failing to provide

12 |                 employees with their rest periods;

13 |         C.    Whether Defendants failed to pay premium wages to class members when

14 |                 they have not been provided with required meal and/or rest periods;

15 |         D.    Whether Defendants failed to pay minimum and/or overtime wages to class

16 |                 members as a result of policies that fail to provide meal periods in accordance

17 |                 with California law;

18 |         E.    Whether Defendants failed to pay minimum and/or overtime wages to class

19 |                 members for all time worked;

20 |         F.    Whether Defendants failed to provide proportionate accruals for sick time for

21 |                 class members as required by California law;

22 |         G.    Whether Defendants failed to reimburse class members for all necessary

23 |                 business expenses incurred during the discharge of their duties;

24 |         H.    Whether Defendants failed to provide class members with accurate written

25 |                 wage statements as a result of providing them with written wage statements

26 |                 with inaccurate entries for, among other things, amounts of gross and net

27 |                 wages, and total hours worked;

28 |         I.    Whether Defendants applied policies or practices that result in late and/or

1   incomplete final wage payments;

2   J.   Whether Defendants are liable to class members for waiting time penalties

3        under Labor Code section 203;

4   K.   Whether class members are entitled to restitution of money or property that

5        Defendants may have acquired from them through unfair competition;

6   16.   **Typicality:**  Plaintiff's claims are typical of the other class members' claims.

7   Plaintiff is informed and believes and thereupon alleges that Defendants have a policy or practice of

8   failing to comply with the Labor Code and Business and Professions Code as alleged in this

9   Complaint.

10   17.   **Adequacy of Class Representative:**  Plaintiff is an adequate class representative in

11   that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class

12   members and is dedicated to vigorously prosecuting this action on their behalf.  Plaintiff will fairly

13   and adequately represent and protect the interests of the other class members.

14   18.   **Adequacy of Class Counsel:**  Plaintiff's counsel are adequate class counsel in that

15   they have no known conflicts of interest with Plaintiff or absent class members, are experienced in

16   wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on

17   behalf of Plaintiff and absent class members.

18   19.   **Superiority:**  A class action is vastly superior to other available means for fair and

19   efficient adjudication of the class members' claims and would be beneficial to the parties and the

20   Court.  Class action treatment will allow a number of similarly situated persons to simultaneously

21   and efficiently prosecute their common claims in a single forum without the unnecessary

22   duplication of effort and expense that numerous individual actions would entail.  In addition, the

23   monetary amounts due to many individual class members are likely to be relatively small and would

24   thus make I difficult, if not impossible, for individual class members to both seek and obtain relief.

25   Moreover, a class action will serve an important public interest by permitting class members to

26   effectively pursue the recovery of monies owed to them.  Further, a class action will prevent the

27   potential for inconsistent or contradictory judgments inherent in individual litigation.

28   ///

**GENERAL ALLEGATIONS**

20.     Plaintiff was hired to work for Defendants as a process server sometime in August 2013.  Plaintiff was terminated on or about January 7, 2017 as Defendants stopped giving him any work.

21.     As a process server, Plaintiff's duties included, but were not limited to, serving individuals and businesses with legal process, filing documents with various courts, picking up and dropping off documents, and other related duties.

22.     During his employment with Defendants, Plaintiff was required to report to Defendants' facility at set times to perform his duties and use Defendants' tools, equipment and instrumentalities to perform his duties.

23.     Plaintiff was required to utilize his own personal vehicle for work purposes to travel to various courthouses to file and pick up documents, to travel to/from locations in order to serve legal process, and other related duties.

24.     During his employment, Defendants maintained control over the type and amount of job assignments assigned to Plaintiff and the putative class.,  Plaintiff and the putative class had no control over which assignments they could accept or reject as Defendants required them to handle all assignments in their service area.

25.     Despite Defendants' characterization to the contrary, at all relevant times, Plaintiff and the putative class have been employees of Defendants and as such have been entitled to the protections of the California Labor Code and applicable Wage Order.

**Misclassification as Independent Contractors**

26.     Plaintiff and the putative class were also misclassified as independent contractors when in fact they were non-exempt employees.  Plaintiff and the putative class regularly worked more than eight hours each workday, and more than forty hours each workweek.  Plaintiff and the putative class were paid a fixed rate for each document they were assigned regardless of the hours they worked.

27.     Accordingly, Plaintiff and the putative class were entitled to all the protections afforded to them as non-exempt employees under California law.

28.     As a result of being misclassified as an independent contractor, the time spent by Plaintiff and the putative class were not accurately recorded by Defendants and therefore resulted in the failure to pay Plaintiff and the putative class for all hours actually worked and overtime compensation.

**Missed Meal Periods**

29.     Plaintiff and the putative class members were not provided with meal periods of at least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not scheduling each meal period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

30.     As a result of Defendants' policy, Plaintiff and the putative class were regularly not provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and the putative class to work through their meal periods in order to complete their assignments on time.

**Missed Rest Periods**

31.     Plaintiff and the putative class members were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each est period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

32.     As a result of Defendants' policy, Plaintiff and the putative class were regularly not provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and the

1  putative class to work through their rest periods in order to complete their assignments on time.

2  **Off-the-Clock Work**

3       33.   Plaintiff and the putative class were not paid all wages earned as Defendants

4  directed, permitted or otherwise encouraged Plaintiff and the putative class to perform off-the-clock

5  work.

6       34.   Plaintiff and the putative class regularly worked more than eight hours per day, forty

7  hours per workweek but were not paid for all hours worked.  Instead, Defendants paid Plaintiff and

8  the putative class a fixed rate for each document they were assigned to serve, file and/or deliver.

9  Plaintiff and the putative class were required by Defendants to complete their assignments within a

10 certain time period.  For example, Plaintiff and the putative class were required to serve legal

11 process within three days of being assigned the job.  However, it was not possible to complete all

12 their required duties within this timeframe due to the amount work assigned to them.  As a result,

13 Plaintiff and the putative class were required to put in very long hours but were not paid for all

14 hours worked.

15      35.   As a result of performing off-the-clock work that was directed, permitted or

16 otherwise encouraged by Defendants, Plaintiff and the putative class should have been paid for this

17 time.  Instead, Defendants only paid Plaintiff and the putative class based upon a fixed rate for each

18 document they were assigned and did not pay Plaintiff and the putative class for any of the time

19 spent working off-the-clock.

20      36.   Defendants were aware of this practice and directed, permitted or otherwise

21 encouraged Plaintiff and the putative class to perform off-the-clock work.

22      37.   As a result of Defendants' policies and practices, Plaintiff and the putative class were

23 not paid for all hours worked.

24 **Expense Reimbursement**

25      38.   Plaintiff and the putative class members were required to utilize their own personal

26 vehicles to perform their job duties and also incurred expenses such as gas, mileage, parking and

27 printing expenses as a result of discharging their duties to Defendants.

28      39.   Plaintiff and the putative class members were not reimbursed for these business

1 | expenses.

2 |       40.     Accordingly, Defendants failed to reimburse Plaintiff and the putative class for such

3 | necessary business expenses incurred by them.

4 | **Improper Wage Statements**

5 |       41.     Plaintiff and the putative class were not provided with accurate and compliant wage

6 | statements as mandated by law pursuant to Labor Code section 226.

7 |       42.     Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages

8 | earned" were not accurately reflected in that: all hours worked, including overtime, were not

9 | included; any and all meal and/or rest period premiums were not paid.

10 |       43.     Defendants failed to comply with Labor Code section 226(a)(2) as "total hours

11 | worked by the employee" were not accurately reflected in that: all hours worked, including

12 | overtime, were not included.

13 |       44.     Defendants failed to comply with Labor Code section 226(a)(3) as the "number of

14 | piece-rate units earned and any applicable piece rate" were not accurately reflected.

15 |       45.     Defendants failed to comply with Labor Code section 226(a)(4) as all "deductions"

16 | were not accurately reflected.

17 |       46.     Defendants failed to comply with Labor Code section 226(a)(5) as "net wages

18 | earned" were not accurately reflected in that: all hours worked, including overtime, were not

19 | included.

20 |       47.     Defendants failed to comply with Labor Code section 226(a)(6) as "the inclusive

21 | dates of the period for which the employee is paid" were not accurately reflected.

22 |       48.     Defendants failed to comply with Labor Code section 226(a)(7) as the "name of the

23 | employee and only the last four digits of his or her social security number or an employee

24 | identification number other than a social security number" were not accurately reflected.

25 |       49.     Defendants failed to comply with Labor Code section 226(a)(8) as the "name and

26 | address of the legal entity that secured the services of the employee" was not accurately reflected.

27 |       50.     Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable

28 | hourly rates in effect during the pay period and the corresponding number of hours worked at each

1  hourly rate by the employee" were not accurately reflected in that: all hours worked, including

2  overtime, were not included.

### FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### (Lab. Code §§ 004, 223, 226.7, 512 and 1198)

### (Plaintiff and Meal Period Sub-Class)

7       51.     Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if

8  fully alleged herein.

9       52.     At all relevant times, Plaintiff and the **Meal Period Sub-Class** members have been

10  non-exempt employees of Defendant entitled to the full meal period protections of both the Labor

11  Code and the applicable Industrial Welfare Commission Wage Order.

12       53.     Labor Code section 512 and Section 11 of the applicable Industrial Welfare

13  Commission Wage Order impose an affirmative obligation on employers to provide non-exempt

14  employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period

15  of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty

16  minutes for each work period of ten hours.

17       54.     Labor Code section 226.7 and Section 11 of the applicable Industrial Welfare

18  Commission Wage Order ("Wage Order") both prohibit employers from requiring employees to

19  work during required meal periods and require employers to pay non-exempt employees an hour of

20  premium wages on each workday that the employee is not provided with the required meal period.

21       55.     Compensation for missed meal periods constitutes wages within the meaning of

22  Labor Code section 200.

23       56.     Labor Code section 1198 makes it unlawful to employ a person under conditions that

24  violate the applicable Wage Order.

25       57.     Section 11 of the applicable Wage Order states:

26              "No employer shall employ any person for a work period of more than five (5) hours
               without a meal period of not less than 30 minutes, except that when a work period of
27              not more than six (6) hours will complete the day's work the meal period may be
               waived by mutual consent of the employer and employee.  Unless the employee is
28              relieved of all duty during a 30 minute meal period, the meal period shall be

considered an 'on duty' meal period and counted as time worked.  An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.  The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

58.     At all relevant times, Plaintiff was not subject to a valid on-duty meal period agreement.  Plaintiff is informed and believes that, at all relevant times, **Meal Period Sub-Class** members were not subject to valid on-duty meal period agreements with Defendants.

59.     Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period Sub-Class** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code section 512 ad the applicable Wage Order.

60.     Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of failing to pay premium wages to **Meal Period Sub-Class** members when they worked five (5) hours without clocking out for any meal period.

61.     Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period Sub-Class** with a second meal period when they worked shifts of ten or more hours and failed to pay them premium wages as required by Labor Code 512 and the applicable Wage Order.

62.     Moreover, Defendants written policies do not provide that employees must take their first meal period before the end of the fifth hour of work, that they are entitled to a second meal period if they work a shift of over ten hours, or that the second meal period must commence before the end of the tenth hour of work, unless waived.

63.     At all relevant times, Defendants failed to pay Plaintiff and the **Meal Period Sub-Class** members additional premium wages, and/or were not paid premium wages at the employees' regular rates of pay when required meal periods were not provided.

64.     Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself and the **Meal Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and costs of suit.

65.     Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and the **Meal Period Sub-Class** members, seek to recover reasonable attorneys' fees.

### SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIODS

### (Lab. Code §§ 204, 223, 226.7 and 1198)

### (Plaintiff and Rest Period Sub-Class)

66.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

67.     At all relevant times, Plaintiff and the **Rest Period Sub-Class** members have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the applicable Wage Order.

68.     Section 12 of the applicable Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major fraction thereof, that must be in the middle of each work period insofar as practicable.

69.     Labor Code section 226.7 and Section 12 of the applicable Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on each workday that the employee is not provided with the required rest period(s).

70.     Compensation for missed rest periods constitutes wages within the meaning of Labor Code section 200.

71.     Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

72.     Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class** with net rest period of at least ten minutes for each four hour work period, or major fraction thereof, as required by the applicable Wage Order.

73.     At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period Sub-Class** members additional premium wages when required rest periods were not provided.

74.     Specifically, Defendants written policies do not provide that employees may take a rest period for each four hours worked, or major fraction thereof, and that rest periods should be taken in the middle of each work period insofar as practicable.

75.     Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself and **Rest Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and costs of suit.

76.     Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Rest Period Sub-Class** members, seek to recover reasonable attorneys' fees.

### THIRD CAUSE OF ACTION

### FAILURE TO PAY HOURLY AND OVERTIME WAGES

### (Lab. Code §§ 223, 510, 1194, 1197 and 1198)

### (Plaintiff and Hourly Employee Class)

77.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

78.     At all relevant times, Plaintiff and **Hourly Employee Class** members are or have been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the applicable Wage Order.

79.     Section 2 of the applicable Wage Order defines "hours worked" as "the time during which an employee is subject to the control of the employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

80.     Section 4 of the applicable Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

81.     Labor Code section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage

1   Order.

2       82.     Labor Code section 1194.2 entitles non-exempt employees to recover liquidated

3   damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in

4   addition to the underlying unpaid minimum wages and interest thereon.

5       83.     Labor Code section 1197 makes it unlawful for an employer to pay an employee less

6   than the minimum wage required under the applicable Wage Order for all hours worked during a

7   payroll period.

8       84.     Labor Code section 1197.1 provides that it is unlawful for any employer or any other

9   person acting either individually or as an officer, agent or employee of another person, to pay an

10  employee, or cause an employee to be paid, less than the applicable minimum wage.

11      85.     Labor Code section 1198 makes it unlawful for employers to employ employees

12  under conditions that violate the applicable Wage Order.

13      86.     Labor Code section 204 requires employers to pay non-exempt employees their

14  earned wages for the normal work period at least twice during each calendar month on days the

15  employer designates in advance and to pay non-exempt employees their earned wages for labor

16  performed in excess of the normal work period by no later than the next regular payday.

17      87.     Labor Code section 223 makes it unlawful for employers to pay their employees

18  lower wages than required by contract or statute while purporting to pay them legal wages.

19      88.     Labor Code section 510 and Section 3 of the applicable Wage Order require

20  employees to pay non-exempt employees overtime wages of no less than one and one-half times

21  their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all

22  hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on

23  the seventh consecutive day of one workweek.

24      89.     Labor Code section 510 and Section 3 of the applicable Wage Order also require

25  employers to pay non-exempt employees overtime wages of no less than two times their respective

26  regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours

27  worked in excess of eight hours on a seventh consecutive workday during the workweek.

28      90.     Plaintiff is informed and believes that, at all relevant times, Defendants have applied

centrally devised policies and practices to her and **Hourly Employee Class** members with respect to working conditions and compensation arrangements.

91.     At all relevant times, Defendants failed to pay hourly wages to Plaintiff and **Hourly Employee Class** members for all time worked, including but not limited to, overtime hours at statutory and/or agreed rates.

92.     During the relevant time period, Defendants failed to pay Plaintiff and **Hourly Employee Class** members all earned wages every pay period at the correct rates, including overtime rates, because Defendants directed, permitted or otherwise encouraged Plaintiff and **Hourly Employee Class** members to perform off-the-clock work.

93.     As a result of Defendants' unlawful conduct, Plaintiff and **Hourly Employee Class** members have suffered damages in an amount, subject to proof, to the extent they were not paid the full amount of wages earned during each pay period during the applicable limitations period, including overtime wages.

94.     Pursuant to Labor Code sections 204, 218.6, 223, 510, 1194 and 1194.2, Plaintiff, on behalf of himself and **Hourly Employee Class** members, seek to recover unpaid straight time and overtime wages, interest thereon and costs of suit.

95.     Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Hourly Employee Class** members, seek to recover reasonable attorneys' fees.

## FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE SICK PAY

### (Lab. Code §§ 245, et seq.)

### (Plaintiff and Sick Pay Class)

96.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

97.     Labor Code section 246(a)(1) states in pertinent part:

"An employee who, on or after July 1, 2015, works in California for the same employer for 30 or more days within a year from the commencement of employment is entitled to paid sick days as specified in this section."

98.     Labor Code section 246(b)(1) states in pertinent part:

"An employee shall accrue paid sick days at the rate of not less than one hour per every 30 hours worked, beginning at the commencement of employment or the operate date of this article, whichever is later, subject to the use and accrual limitations set forth in this section."

99.     Plaintiff is informed and believes and thereon alleges that, at all relevant times, Defendants have maintained a policy and practice of not paying **Sick Pay Class** members paid sick days as required by Labor Code § 245, et seq. during their employment when they were out due to covered reasons.

100.     By reason of the above, Plaintiff and the members of the **Sick Pay Class** are entitled to restitution for all unpaid amounts due and owing to within four years (4) of the date of the filing of the Complaint until the date of entry of judgment.

101.     Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Sick Pay Class** members, seeks to recover reasonable attorneys' fees.

## FIFTH CAUSE OF ACTION

### FAILURE TO INDEMNIFY

### (Lab. Code § 2802)

### (Plaintiff and Expense Reimbursement Class)

102.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

103.     Labor Code section 2802(a) states:

"An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

104.     At all relevant times during the applicable limitations period, Plaintiff and the **Expense Reimbursement Class** members incurred necessary business related expenses and costs, including but not limited to, gas, mileage, parking and photocopying expenses.

105.     Plaintiff is informed and believes, and thereupon alleges that the reimbursement paid

1 by Defendants was insufficient to indemnify Plaintiff and **Expense Reimbursement Class**

2 members for all necessary expenses incurred in the discharge of their duties.

3      106.    Plaintiff is informed and believes and thereupon alleges that the reimbursement paid

4 by Defendants was insufficient to indemnify **Expense Reimbursement Class** members for all

5 necessary business expenses incurred in the discharge of their duties.

6      107.    Plaintiff is informed and believes that, during the applicable limitations period,

7 Defendants maintained a policy or practice of not reimbursing Plaintiff and **Expense**

8 **Reimbursement Class** members for all necessary business expenses.

9      108.    Accordingly, Plaintiff and **Expense Reimbursement Class** members are entitled to

10 restitution for all unpaid amounts due and owing to within four years of the date of the filing of the

11 Complaint and until the date of entry of judgment.

12      109.    Plaintiff, on behalf of himself, and **Expense Reimbursement Class** members, seek

13 interest thereon and costs pursuant to Labor Code section 218.6, and reasonable attorneys' fees

14 pursuant to Code of Civil Procedure section 1021.5.

15 

**SIXTH CAUSE OF ACTION**

16 

**FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS**

17 

**(Lab. Code § 226)**

18 

**(Plaintiff and Wage Statement Penalties Sub-Class)**

19      110.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

20 herein.

21      111.    Labor Code section 226(a) states:

22     "An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying

23 the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total

24 hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a

25 piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages

26 earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security

27 number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer

28 is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name

17

CLASS ACTION COMPLAINT

and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision."

112. The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize the "detachable part of the check" provision and the "accurate itemized statement in writing" provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion Letter July 6, 2006).

113. Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements as described above.

114. Plaintiff is informed and believes that Defendants' failure to provide her and **Wage Statement Penalties Sub-Class** members with accurate written wage statements were intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known do not comply with Labor Code section 226(a).

115. Plaintiff and **Wage Statement Penalties Sub-Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned. In addition, inaccurate information on their wage statements have prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or

1  has led to the submission of inaccurate information about wages and deductions to federal and state

2  government agencies.

3      116.    Pursuant to Labor Code section 226(e), Plaintiff, on behalf of himself and **Wage**

4  **Statement Penalties Sub-Class** members, seek the greater of actual damages or $50.00 for the

5  initial pay period in which a violation of Labor Code section 226(a) occurred, and $100.00 for each

6  subsequent pay period in which a violation of Labor Code section 226(a) occurred, not to exceed an

7  aggregate penalty of $4000.00 per class member, as well as awards of reasonable attorneys' fees

8  and costs.

9                         **SEVENTH CAUSE OF ACTION**

10                  **FAILURE TO TIMELY PAY ALL FINAL WAGES**

11                          **(Lab. Code §§ 201-203)**

12              **(Plaintiff and Waiting Time Penalties Sub-Class)**

13     117.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

14  herein.

15     118.    At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members

16  have been entitled, upon the end of their employment with Defendants, to timely payment of all

17  wages earned and unpaid before termination or resignation.

18     119.    At all relevant times, pursuant to Labor Code section 201, employees who have been

19  discharged have been entitled to payment of all final wages immediately upon termination.

20     120.    At all relevant times, pursuant to Labor Code section 202, employees who have

21  resigned after giving at least seventy-two (72) hours notice of resignation have been entitled to

22  payment of all final wages at the time of resignation.

23     121.    At all relevant times, pursuant to Labor Code section 202, employees who have

24  resigned after giving less than seventy-two (72) hours notice of resignation have been entitled to

25  payment of all final wages within seventy-two (72) hours of giving notice of resignation.

26     122.    During the applicable limitations period, Defendants failed to pay Plaintiff all of her

27  final wages in accordance with the Labor Code by failing to timely pay her all of her final wages.

28     123.    Plaintiff is informed and believes that, at all relevant time during the applicable

1 limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class**
2 members all of their final wages in accordance with the Labor Code.

3       124.    Plaintiff is informed and believes that, at all relevant times during the applicable
4 limitations period, Defendants have maintained a policy or practice of paying **Waiting Time**
5 **Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code
6 sections 201 or 202 by failing to timely pay them all final wages.

7       125.    Plaintiff is informed and believes and thereupon alleges that Defendants' failure to
8 timely pay all final wages to her and **Waiting Time Penalties Sub-Class** members have been
9 willful in that Defendants have the ability to pay final wages in accordance with Labor Code
10 sections 201 and/or 202 but have intentionally adopted policies or practices that are incompatible
11 with those requirements.

12       126.    Pursuant to Labor Code sections 203 and 218.6, Plaintiff, on behalf of himself and
13 **Waiting Time Penalties Sub-Class** members, seek waiting time penalties from the dates that their
14 final wages have first become due until paid, up to a maximum of thirty days, and interest thereon.

15       127.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine
16 and/or the common fund doctrine, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-**
17 **Class** members, seek awards of reasonable attorneys' fees and costs.

18                         **EIGHTH CAUSE OF ACTION**
19                            **UNFAIR COMPETITION**
20                    **(Bus. & Prof. Code §§ 17200 *et seq.*)**
21                        **(Plaintiff and UCL Class)**

22       128.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged
23 herein.

24       129.    Business and Professions Code section 17200 defines "unfair competition" to
25 include any unlawful business practice.

26       130.    Business and Professions Code section 17203-17204 allow a person who has lost
27 money or property as a result of unfair competition to bring a class action in accordance with Code
28 of Civil Procedure section 382 to recover money or property that may have been acquired from

1 | similarly situated persons by means of unfair competition.

2 | 131.   California law requires employers to pay hourly, non-exempt employees for all hours

3 | they are permitted or suffered to work, including hours that the employer knows or reasonable

4 | should know that employees have worked.

5 | 132.   Plaintiff and the **UCL Class** members re-alleges and incorporates the FIRST,

6 | SECOND, THIRD, FOURTH and FIFTH causes of action herein.

7 | 133.   Plaintiff lost money or property as a result of the aforementioned unfair competition.

8 | 134.   Defendants have or may have acquired money by means of unfair competition.

9 | 135.   Plaintiff is informed and believes and thereupon alleges that by committing the

10 | Labor Code violations described in this Complaint, Defendants violated Labor Code sections 215,

11 | 216, 225, 226.6, 354, 408, 553, 1175, 1199 and 2802, which make it a misdemeanor to commit the

12 | Labor Code violations alleged herein.

13 | 136.   Defendants have committed criminal conduct through their policies and practices of,

14 | *inter alia*, failing to comport with their affirmative obligations as an employer to provide non-

15 | exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each

16 | work period of five or more hours, by failing to provide non-exempt employees with a paid ten-

17 | minute rest period for every four hours worked or major fraction thereof, by failing to pay non-

18 | exempt employees for all hours worked, and by failing to reimburse them for all expenses.

19 | 137.   At all relevant times, Plaintiff and **UCL Class** members have been non-exempt

20 | employees and entitled to the full protections of both the Labor Code and the applicable Wage

21 | Order.

22 | 138.   Defendants' unlawful conduct as alleged in this Complaint amounts to and

23 | constitutes unfair competition within the meaning of Business and Professions Code section 17200

24 | *et seq*.  Business and Professions Code sections 17200 *et seq*. protects against unfair competition

25 | and allows a person who has suffered an injury-in-fact and has lost money or property as a result of

26 | an unfair, unlawful or fraudulent business practice to seek restitution on her own behalf and on

27 | behalf of similarly situated persons in a class action proceeding.

28 | 139.   As a result of Defendants' violations of the Labor Code during the applicable

1   limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form

2   of earned wages.  Specifically, Plaintiff has lost money or property as a result of Defendants'

3   conduct.

4         140.    Plaintiff is informed and believes that other similarly situated persons have been

5   subject to the same unlawful policies or practices of Defendants.

6         141.    Due to the unfair and unlawful business practices in violation of the Labor Code,

7   Defendants have gained a competitive advantage over other comparable companies doing business

8   in the State of California that comply with their legal obligations.

9         142.    California's Unfair Competition Law ("UCL") permits civil recovery and injunctive

10  for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act

11  violates or is considered unlawful under any other state or federal law.

12        143.    Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiffs

13  request the issuance of temporary, preliminary and permanent injunctive relief enjoining

14  Defendants, and each of them, and their agents and employees, from further violations of the Labor

15  Code and applicable Industrial Welfare Commission Wage Orders; and upon a final hearing seek

16  an order permanently enjoining Defendants, and each of them, and their respective agents and

17  employees, from further violations of the Labor Code and applicable Industrial Welfare

18  Commission Wage Orders.

19        144.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of

20  himself and **UCL Class** members, seek declaratory relief and restitution of all monies rightfully

21  belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful

22  and unfair business practices.

23        145.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

24  and/or the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover

25  reasonable attorneys' fees in connection with their unfair competition claims.

26  ///

27  ///

28  ///

## NINTH CAUSE OF ACTION

## FAILURE TO PAY EMPLOYEES FOR ALL HOURS WORKED IN VIOLATION OF THE

## FAIR LABOR STANDARDS ACT

## (29 U.S.C. §§ 201 *et seq.*)

146.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

147.     At all relevant times, Plaintiff and all similarly situated **FLSA Class** members who submit Consents to Become Party Plaintiff are or were employed by and engaged in providing services necessary by Defendants and have been entitled to the rights, protections and benefits provided under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201 *et seq.*

148.     The FLSA requires, among other things, that employers pay employees the minimum wage for all time worked plus overtime. 29 U.S.C. §§ 206, 207 and 215.

149.     At all relevant times, serving legal process, picking up and dropping off documents, filing legal documents with various courts, traveling to/from various locations are necessarily and directly related to the principal activities of the employee's duties, and therefore constitutes compensable time under the FLSA and is subject to the FLSA overtime requirements. 29 C.F.R. § 785.38.

150.     At all relevant times, Defendants have violated the FLSA by failing to pay Plaintiff and all similarly situated FLSA Class members for all hours actually worked.

151.     At all relevant times, Defendants have violated the FLSA by failing to pay **FLSA Class** members at one and one-half times the regular rate of pay when an employee's total hours worked exceed forty hours in a workweek.

152.     Defendants have also violated the FLSA by failing to keep required accurate records of all hours worked by **FLSA Class** members. 29 U.S.C. § 211(c).

153.     Plaintiff and similarly situated employees are victims of a uniform and entity-wide compensation policy.  This uniform policy has been applied to all employees employed by Defendants in violation of the FLSA.

154.     Plaintiff and all similarly situated individuals are entitled to damages equal to the

1  mandated pay and overtime premium pay within the three years preceding the filing of this

2  Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew or

3  showed reckless disregard of whether their conduct was prohibited by the FLSA.

4       155.   Defendants have acted neither in good faith nor with reasonable grounds to believe

5  that their actions and omissions were not a violation of the FLSA.  Plaintiff and other similarly

6  situated individuals are entitled to recover an award of liquidated damages in an amount equal to the

7  amount of unpaid compensation, including overtime wages and/or prejudgment interest at the

8  applicable rate. 29 U.S.C. § 216(b).

9       156.   As a result of violations of the FLSA minimum wage and overtime pay provisions,

10  Defendants have unlawfully withheld compensation from Plaintiff and all similarly situated

11  individuals.  Defendants are liable for unpaid compensation, together with an amount equal as

12  liquidated damages, attorneys' fees and costs. 29 U.S.C. § 216(b).

13  **PRAYER FOR RELIEF**

14      WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, prays for relief

15  and judgment against Defendants as follows:

16         (1)    An order that the action be certified as a class action;

17         (2)    An order that Plaintiff be appointed class representative;

18         (3)    An order that counsel for Plaintiff be appointed class counsel;

19         (4)    Unpaid wages;

20         (5)    Actual damages;

21         (6)    Liquidated damages;

22         (7)    Restitution;

23         (8)    Declaratory relief;

24         (9)    Pre-judgment interest;

25         (10)   Statutory penalties;

26         (11)   Civil penalties;

27         (12)   Costs of suit;

28         (13)   Reasonable attorneys' fees; and

1        (14)    Such other relief as the Court deems just and proper.

2

**DEMAND FOR JURY TRIAL**

3        Plaintiff, on behalf of himself, all other similarly situated, hereby demands a jury trial on all

4 issues so triable.

6 Dated:  January 4, 2018           SETAREH LAW GROUP

10 SHAUN SETAREH
Attorneys for Plaintiff
LUIS M. ARELLANO

CLASS ACTION COMPLAINT